IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** :<br> :<br>    v. :<br> :<br>**JOHNNY WILL MURRAY, JR.** :<br> :<br>    **Defendant.** :<br>_____ : | **CASE NO: 7:23-CR-24 (WLS)** |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interests of Justice (Doc. 28) ("Motion"). Therein, Defendant requests a continuance of the trial of this matter from the Valdosta February 2024 trial term to the next Valdosta trial term. The trial of this case was previously continued because Defense Counsel and Government's Counsel were negotiating but needed the continuance in anticipation of reaching a plea agreement.

Defense Counsel states that another continuance is needed because as a result of ongoing discovery review and discussions with Mr. Murray, it has been determined that there is potentially a pivotal witness in this case and undersigned counsel is in the process of trying to locate that witness to determine the next steps in the case. Defense Counsel represents that Government's Counsel does not oppose the continuance. Defense Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 28) is **GRANTED**.

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion. The Court directs Defense Counsel note the correction for future motions to continue.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division May 2024 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 11th day of December 2023.

/s/  W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**