**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | **CASE NO: 7:23-CR-24 (WLS)** |
| **JOHNNY WILL MURRAY, JR.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

_____

## <u>ORDER</u>

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interests of Justice (Doc. 32) ("Motion"). Therein, Defendant requests a continuance of the trial of this matter from the Valdosta May 2024 trial term to the next Valdosta trial term. The trial of this case was previously continued to allow Defense Counsel to locate a witness. Counsel states that on March 6, 2024, the witness was identified and the witness may have exculpatory evidence, including video surveillance records, that undersigned counsel is attempting to locate and review in order to determine the next steps for the defense. Defense Counsel represents that Government's Counsel does not oppose the continuance. Defense Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 32) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division August 2024 trial term and its conclusion, or as may

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion. The Court directs Defense Counsel note the correction for future motions to continue.

1

otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

        **SO ORDERED**, this 18th day of March 2024.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**