IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO:** |
| **JOHNNY WILL MURRAY, JR.,** : | **7:23-cr-24-WLS-TQL** |
| : | |
| **Defendant.** : | |
| _____ : | |

## **ORDER**

Before the Court is the Defendant's Motion to Compel Production of Evidence Related to Alleged Controlled Buys or in the Alternative to Dismiss (Doc. 36) as well as Defendant's Motion to Compel Production of Video Evidence of Search or to Suppress Evidence (Doc. 35) ("Motions") filed May 24, 2024. The Government's responses to the Motions (Docs. 39 and 40) were filed June 5, 2024. The Court has determined that an evidentiary hearing is necessary to resolve the Motions.

The Court noted in its Order (Doc. 38) entered May 30, 2024, that the trial of this matter was continued to the Court's Valdosta Division, August 2024 trial term and its conclusion, or as may otherwise be ordered by the Court. In relation to the current proposed trial date, the Court reviewed the record and considered, the time necessary to fully resolve the Motions, including time: (a) for the Court to schedule and hold the evidentiary hearing, (b) to allow post-hearing briefs, if any, that the Parties may desire to file, (c) for the Court to enter its decision on the Motions once they are under advisement by the Court (not more than thirty days), and (d) reasonably necessary, in the exercise of due diligence, for the Parties' counsel to consider the effect of the Court's decision on their respective clients and engage in negotiations, if desired, or to effectively prepare for trial.

1

Upon such review, the Court finds, *sua sponte*, that the ends of justice will be served by continuing the trial of this matter and that such continuance outweighs the best interests of the public and the Defendant in a speedy trial.[1]  18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that:

1. An evidentiary hearing on the Motions will be held on **Wednesday, July 31, 2024, at 11:00 a.m.** in Albany, Georgia.

2. The trial in the above-referenced matter is **CONTINUED** to the Valdosta Division, November 2024 term and its conclusion, or as may otherwise be ordered by the Court.

3. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161,[2] is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D), (H) for any delay resulting from the Motions, starting with the date of filing such Motions through the conclusion of the hearing on, or other prompt disposition of such motions and/or for a period of no more than thirty (30) days after the Motions are actually under advisement by the Court.

4. Furthermore, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court finds that the failure to continue the trial (a) would likely result in a miscarriage of justice, and/or (b) would deny Counsel for the Parties the reasonable time necessary, in the exercise of due diligence, to

---

[1] The Court's May 30, 2024 Order (Doc. 38), notified the Parties at that time that absent the filing of a motion to continue, this case would remain on the August 2024 trial calendar and would be set for a pretrial conference. Neither party filed a motion to continue. However, based on the time necessary to address the Motions, rather than setting a pretrial conference in this case, the Court elects to exercise its discretion under 18 U.S.C. § 3161(h)(7)(A)-(B) to continue the case *sua sponte*.

[2] The relevant provisions of the Speedy Trial Act provide:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> . . . .
>
> > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . .
>
> > (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

2

consider the effect of the Court's decision on the Motions on their respective client and to engage in further negotiations, if desired, or effectively prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 13th day of June 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
