IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:23-cr-24–WLS** |
| **JOHNNY WILL MURRAY, JR.** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Before the Court is the Government's Motion to Continue Trial in the Interests of Justice (Doc. 101) ("Motion to Continue"). Therein, the Government requests the trial in this matter currently set to begin August 11, 2025, be continued to the next Valdosta Division trial term. The continuance is requested pursuant to 18 U.S.C. § 3161(h)(3)(A) and (B) because an essential Government expert witness is unavailable due to pregnancy/maternity leave.[1] The Government has unsuccessfully taken steps to obtain a substitute expert witness or Defendant's stipulation. The Government further states that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. The Government requests that the period of delay in continuing the trial **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. Defendant, through counsel, filed a notice that Defendant does not object to the Motion to Continue. (*See* Doc. 102). As Government's Counsel and Defendant's Counsel are aware, the

---

[1] Pursuant to the Speedy Trial Act,

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> (3)(A) Any period of delay resulting from the absence or unavailability of . . . an essential witness.
>
> (B) For purposes of subparagraph (A) of this paragraph, . . . an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence. . . .

18 U.S.C. § 3161(h)(3)(A), (B).

Court may schedule multiple criminal trials during a term of Court, and thus finds that the period of delay in continuing the trial **through the conclusion of the next Valdosta trial term** is excludable under the Speedy Trial Act.

Based on the Government's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B). Therefore, the Motion to Continue (Doc. 101) is **GRANTED** as follows:

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2025 trial term **and its conclusion**, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(3)(A), (B) because of the unavailability of the Government's expert witness whose presence cannot be obtained by due diligence, and pursuant to § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i).

It is further **ORDERED** that in the event either the Government or Defendant object to the exclusion of the period of delay through the **conclusion** of the Court's Valdosta Division November 2025 trial term, then on or before **Friday, August 1, 2025,** such party shall advise the Court of its objection by filing the appropriate document with the Court.

**SO ORDERED**, this 28th day of July 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2