IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :  CASE NO: |
| | :  7:23-cr-24–WLS-ALS |
| JOHNNY WILL MURRAY, JR., | : |
| | : |
| Defendant. | : |

**ORDER**

On October 1, 2025, the Court held a Pretrial Conference in this case. The Court enters this Order to memorialize the discussion and any instructions given at the Pretrial Conference.

Both parties announced ready for trial during the Court's Valdosta November 2025 trial term. The parties estimate the trial will take two to three days.

The following pre-trial motions, filed by Defendant, are pending and are ripe for decision:

1. Motion to Dismiss Count Two and Count Three (Doc. 74);

2. Motion in Limine to Exclude all References to any Alleged "Controlled Buys" in this Case (Doc. 75);

3. Motion in Limine to Exclude all Jail Calls (Doc. 76); and

4. Motion in Limine to Exclude all References to Mr. Murray's Prior Criminal History/Agreement to Stipulate as to Status as Convicted Felon (Doc. 77).

On Defendant's *Ex Parte* Motion for Writ of Habeas Corpus Ad Testificandum (Doc. 110), an Order to Produce State Inmate as Witness for Federal Trial (Doc. 112) ("Witness Order") was entered on September 22, 2025, requiring the Georgia Department of Corrections to produce Cody Richardson Gignac, GDC #1001837436, as a witness at Defendant's trial. Defense counsel was instructed in the Witness Order to contact Mr. Gignac's counsel, if any, and to provide such counsel with a copy of the order. Defense counsel advised the Court that she had spoken to Mr. Gignac's previous counsel, but he was not currently represented by counsel. Defense counsel represented to the Court that she had advised Mr. Gignac of his right to seek counsel and of the potential implications of his

1

testimony at Defendant's trial. Thus, it is the Court's understanding that Mr. Gignac is not currently represented by counsel.

Upon the witness's appearance at trial, the Court will first apprise the witness of his Fifth Amendment right regarding any potential testimony and the right to the assistance of counsel outside the presence of the jury. Upon response and thereafter, the Court will proceed accordingly.

**SO ORDERED**, this 3rd day of October 2025.

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**